■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH SOUTHERLAND, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Westchester County, entered March 21, 1969, which denied the application without a hearing. Order affirmed. In our view, the record establishes that, although defendant was not formally

advised of his right to appeal at the actual time of sentence, he was, nevertheless, then aware of that right. Affidavits of the attorney who represented defendant at his sentencing reveal that defendant was specifically advised of his right to appeal on two separate occasions, one approximately three months, and the other approximately two months, before sentencing. As we read *People* v. *Montgomery* (24 N Y 2d 130), it does not extend to those defendants who (1) were actually aware of their right to appeal or (2) were informed of that right within a reasonable time prior to their sentencing, even though such defendants were not formally advised of that right at the time of sentence (cf. *People* v. *Boettcher*, 33 A D 2d 792). We do not agree with the dissent that former rule 9 of article I of the Rules of the Administrative Board of the Judicial Conference (now 22 NYCRR 671.3) required that a defendant be given formal notice of his right to appeal at the time of sentence. Rule 9 was intended as a guideline for the protection of a defendant's right to appeal. Where, as here, it is conceded that prior to sentencing the defendant was, in fact, aware of such right, there is substantial compliance with both the spirit of former rule 9 and the *Montgomery* holding. Christ, P. J., Rabin, Munder and Latham, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to remand defendant for resentence, with the following memorandum: Defendant was convicted of the crimes of manslaughter in the first degree and burglary in the third degree on May 24, 1967, upon his plea of guilty. He had been indicted for the crimes of murder in the first degree, burglary in the second degree, and grand larceny in the second degree under one indictment and for the crimes of burglary in the third degree and grand larceny in the second degree under a second indictment. Prior to his plea of guilty, defendant had moved to dismiss the indictments on the ground that the evidence before the Grand Jury was insufficient and had moved to suppress certain evidence and for a discovery and inspection. All of these motions were denied. He was represented by two assigned counsel, who advised him that though he could not take an appeal from the orders denying those motions he could have the orders thereon reviewed upon an appeal from a judgment of conviction. However, defendant was not advised of his right to appeal by assigned counsel subsequent to the time sentence was imposed on him; and in fact no appeal was filed by defendant. By this application he asserts that his rights were violated in that he was not informed of his right to appeal after sentence had been imposed. Former rule 9 of article I of the Rules of the Administrative Board of the Judicial Conference (in effect at the time of sentence and now superseded in our Judicial Department by section 671.3 of the rules of this court [22 NYCRR 671.3]) provided that it was the duty of assigned counsel "to advise the defendant as to his right of appeal, the time limitations involved and the manner of instituting an appeal and of obtaining a transcript of the testimony." The rule also provided that assigned counsel was required to ascertain whether the defendant desired to appeal, and to prepare and file the notice of appeal if the defendant so stated in writing. As assigned counsel concededly did not comply with the rule, the question arises whether the information which they gave to defendant prior to the acceptance of the plea of guilty, to the effect that he might appeal after sentence, satisfied the duty imposed upon them by the rule. I think that it did not. "There is no question that the primary duty of furnishing legal advice to indigent defendants is a State responsibility. Either by permitting assigned counsel's role to terminate at the end of trial, or failing to provide safeguards against lack of information, the State permitted a critical time period to lapse of which the defendant was unaware " (*People* v. *Montgomery*,

24 N Y 2d 130, 133). Defendant could not be expected to know, without advice from assigned counsel, the time in which an appeal must be filed or the manner in which an appeal is taken — advice which the rule stated must be given to defendant. Thus, the rule provided the safeguards which *Montgomery* prescribed as necessary to effectuate the responsibility of the State to an indigent defendant. Accordingly, it follows that when the safeguards are not obeyed the defendant's rights are infringed and he is entitled to be restored to the position in which he was at the time of sentence. I do not think that the rule allows any scope to speculate whether defendant was prejudiced by the lack of compliance with its provisions. It is enough that defendant may have been prejudiced. Here, the defendant could not have had a review of the orders denying the motions to dismiss the indictments, to suppress evidence and for a discovery and inspection without an appeal from the judgment of conviction. The denials of these motions may well have stripped him of his opportunity to defend effectively the charges against him. I would therefore reverse and remand defendant for resentence.